Sara F. Khosroabadi, Esq. (SBN: 299642)
sara@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Office Number:          (619) 233-7770
Office Fax Number:      (619) 297-1022

Attorneys for Elvia Aracela Melendez-Salazar

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elvia Aracela Melendez-Salazar<br><br>                    Plaintiff,<br>v.<br><br>Golden Empire Towing, Inc. and AOC Adjusters Fresno, Ltd.<br><br>                    Defendants. | **Case No: _____**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. Elvia Aracela Melendez-Salazar, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Golden Empire Towing, Inc. ("Golden Empire") and AOC Adjusters Fresno, Ltd., ("AOC") (jointly, "Defendants"), with regard to Defendants unlawfully and abusively taking nonjudicial action to effect dispossession and disablement of Plaintiff's property, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain directly to a plaintiff, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, the conduct engaged in by Defendants took place in California and within the jurisdiction of this court.

5. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such specific violation.

6. All violations alleged regarding the FDCPA are material violations of the FDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

7. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10. Because Defendants do business within the State of California, personal jurisdiction is established.

11. Defendants also solicit and do business with companies in the State of Nevada.

12. Venue is proper pursuant to 28 U.S.C. § 1391.

13. At all times relevant, Defendants conducted business within the State of California.

## PARTIES

14. Plaintiff is a natural person who at the times relevant here resided in the State of Nevada.

15. Golden Empire is located in the City of Bakersfield, in the State of California.

16. AOC is located in the City of Clovis, in the State of California.

17. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

18. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

19. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

20. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

21. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTUAL ALLEGATIONS**

1. For the purpose of background information to all involved, there is currently a related Nevada state case pending against non-party to this action, Del Sol Auto Sales LLC ("Del Sol"), located 1482 N Nellis Blvd, Las Vegas, NV 89110, in the Eighth Judicial District Court, Clark County, Nevada, Case Number A-16-744990-C, entitled "Elvia Melendez Salazar vs. Del Sol Auto Sales LLC."

2. On or about January 12, 2016, Plaintiff entered into a contract between herself and Del Sol, for the purchase of a 2009 Dodge (this contract is hereinafter referred to as the "January 12, 2016 contract.")

3. This January 12, 2016 contract caused Plaintiff to incur financial obligations to Del Sol in the amount of $18,953.28 (hereinafter the "contractual obligation.")

4. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

5. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

6. Sometime thereafter, but before July 29, 2016, Del Sol made the incorrect determination that Plaintiff had fallen behind on the payments allegedly owed on this contractual obligation, and that consequently Plaintiff was in default under the terms of the January 12, 2016 contract.

7. Subsequently, but before July 29, 2016, Del Sol and Defendants entered into an agreement wherein AOC, with the assistance of Golden Empire, would

illegally take nonjudicial action to effect dispossession and disablement of Plaintiff's 2009 Dodge in the form of a purported repossession in or around Arvin, California.

8. Subsequently, on or about July 29, 2016, Defendants took this illegal nonjudicial action to effect dispossession and disablement of Plaintiff's 2009 Dodge in the form of a purported repossession in or around Arvin, California.

9. Through this conduct Defendants violated 15 U.S.C. § 1692f(6)(A), as well as Cal. Civ. Code § 1788.17 as California's Rosenthal Act incorporates 15 U.S.C. § 1692f(6)(A) by reference as Defendants had no present right to possession of this property claimed as collateral through an enforceable security interest.

10. Through this conduct Defendants violated 15 U.S.C. § 1692f(6)(C), as well as Cal. Civ. Code § 1788.17 as California's Rosenthal Act incorporates 15 U.S.C. § 1692f(6)(C) by reference as Plaintiff's 2009 Dodge was exempt by law from such dispossession or disablement.

11. Through this conduct Defendants also threatened Plaintiff with the seizure and attachment or sale of Plaintiff's property when such threat is not permitted by the law, in violation of Cal. Civ. Code § 1788.10(e).

12. Through this conduct Defendants also attempted to collect a consumer debt by means of physical force, which caused harm to Plaintiff, including to her reputation, and the property of Plaintiff, in violation of Cal. Civ. Code § 1788.10(a).

13. At all times relevant, and even to this day, Plaintiff has had a legal right to possess the 2009 Dodge and the items within that vehicle.

14. Defendants have interfered with and denied Plaintiff's possession and right to possession of this property.

15. Defendants' actions were knowing, intentional and malicious.

16. Subsequently, on or about August of 2016, Plaintiff repeatedly contacted Defendants, as well as Del Sol, in an effort to recover her personal items from

inside the 2009 Dodge, including, among other things, clothes and shoes, personal papers and documents, work tools, an electronic tablet, a car charger and personalized license plates.

17. In response, Defendants refused to allow Plaintiff recover her personal items from her vehicle, all in violation of 15 U.S.C. § 1692f(A) and § (C), as well as Cal. Civ. Code § 1788.17. as California's Rosenthal Act incorporates 15 U.S.C. § 1692f(A) and § (C).

18. Defendants have never had a right to possess Plaintiff's 2009 Dodge nor the personal items stored inside the vehicle.

19. Although certain personal items were eventually returned to Plaintiff after the defendants became aware of the lawsuit pending in Clark County, Nevada, against Del Sol, to this day, Defendants have still refused to return Plaintiff's 2009 Dodge, as well as Plaintiff's electronic tablet, car charger, personalized license plates, and other related items.

20. As a result of Defendants' malicious acts and omissions, Plaintiff has suffered actual damages that include the deprivation of her transportation, missing real and potential business opportunities, and the loss of the use enjoyment and use of her 2009 Dodge.

21. As a result of Defendants' malicious acts and omissions, Plaintiff has been deprived of her clothes, personal papers and documents, work tools, electronic tablet, car charger and personalized license plates for a substantial period of time.

22. As a result of Defendants' malicious acts and omissions, Plaintiff has suffered from being permanently deprived of her electronic tablet, car charger and personalized license plates.

23. As a result of Defendants' malicious acts and omissions, Plaintiff has had to use the transportation of others, which has caused her actual damages in the

form of deprivation of her property as well as damages for personal humiliation, embarrassment, mental anguish and emotional distress.

24. Defendants' irresponsible, malicious, and reprehensible conduct has also caused Plaintiff great stress, embarrassment, anxiety, fear, sleeplessness, and apprehension.  This conduct was extreme and outrageous and exceeds the bounds of human decency.

25. Plaintiff has suffered actual damages in the form of anxiety, stress, anger, personal humiliation, embarrassment, mental anguish, grief, shame, chagrin, disappointment, worry and nausea.

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

22. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. § 1692f(6)(A) and 15 U.S.C. § 1692f(6)(C).

23. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

24. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

25. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to Cal. Civ. Code § 1788.17.

26. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

27. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: February 3, 2017            By: /s/ Sara F. Khosroabadi
                                                            Sara F. Khosroabadi
                                                            Attorneys for Plaintiff